UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CHRISTOPHER PERALES,

    Plaintiff,

v.

MICHIGAN STATE HOUSING
DEVELOPMENT AUTHORITY,

    Defendant.
_____/

Case No. 1:23-cv-35

Hon. Paul L. Maloney

**REPORT AND RECOMMENDATION**

This is a civil action brought by *pro se* plaintiff Christopher Perales ("Perales"). For the reasons set forth below, this complaint should be dismissed.

**I.    Discussion**

*Pro se* plaintiff has filed a "to whom it may concern" letter in the Court, which has been docketed as his complaint stating (in his words):

> I Chris Perales am looking to file a federal lawsuit against Misda Housing Fair Housing Discrimination towards my Disabilities, Housing Issues concerning my HCV Emergency Michigan Landlord tenant act, Federal violation concerning mail box violation of my last address in Allendale Michigan violation of my Personal civil rights recently Im asking that my case be reviewed soon as [unintelligible] I am seeking personal legal counsel and legal representation on all the legal issues regarding my law suit claim.
>
> Please note I am also seeking damages and recovery on violations of my disabilities I am currently on Perm SSI with proof all psychiatric perm disabled letter from Dr. Rusell Brubaaker MD. of Grand Rapids Michigan.

Compl. (ECF No. 1).

The Court allowed plaintiff to file this action *in forma pauperis* pursuant to § 1915. *See* Order (ECF No. 4). For that reason, it must review the complaint pursuant to 28 U.S.C. §

1915(e)(2)(B), which provides that the Court "shall dismiss" actions brought *in forma pauperis* "at any time if the court determines that . . . the action . . . (ii) fails to state a claim on which relief may be granted[.]"  In determining whether a complaint should be dismissed for failure to state a claim under § 1915(e)(2)(B)(ii), the Court applies the dismissal standard articulated in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) and *Bell Atlantic Corporation v. Twombly*, 550 U.S. 544 (2007).  See *Hill v. Lappin*, 630 F.3d 468, 470-71 (6th Cir. 2010).

A complaint may be dismissed for failure to state a claim if it fails to give the defendant a fair notice of the claim and the grounds upon which it rests.  *Twombly*, 550 U.S. at 555.

> [A] complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.  A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.  The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully.  Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief.

*Iqbal*, 556 U.S. at 678  (internal citations and quotation marks omitted).

In making this determination, the complaint must be construed in the light most favorable to the plaintiff, and its well-pleaded facts must be accepted as true.  *Morgan v. Church's Fried Chicken*, 829 F.2d 10, 12 (6th Cir. 1987).  While *pro se* pleadings are to be liberally construed, *see Williams v. Curtin*, 631 F.3d 380, 383 (6th Cir. 2011), "this court is not required to conjure up unpled allegations." *Dietz v. Sanders*, 100 Fed. Appx. 334, 338 (6th Cir. 2004).  Thus, a complaint based upon "an unadorned, the - defendant - unlawfully - harmed - me accusation" is insufficient to state a claim for relief.  *See Iqbal*, 556 U.S. at 678.

2

Plaintiff's complaint appears directed at the Michigan State Housing Development Authority (which plaintiff refers to as "Misda"). Plaintiff has some type of dispute with defendant involving disabilities and the HCV (presumably the Housing Choice Voucher program in Michigan). Plaintiff also has some type of dispute involving an undefined "Federal violation" and the mailbox at his last address in Allendale. Plaintiff does not state what incidents gave rise to this lawsuit, when the incidents occurred, or where the incidents occurred (other than a reference to a past address in Allendale). Plaintiff's complaint does not allege the violation of any federal law, federal constitutional right, or state law. His complaint consists of nothing more than "an unadorned, the - defendant - unlawfully - harmed - me accusation" which is insufficient to state a claim for relief. *See Iqbal*, 556 U.S. at 678. Accordingly, the complaint should be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

## II.     RECOMMENDATION

For these reasons, I respectfully recommend that plaintiff's complaint be **DISMISSED**.

Dated:  February 2, 2023                              /s/ Ray Kent
                                                      RAY KENT
                                                      United States Magistrate Judge

ANY OBJECTIONS to this Report and Recommendation must be served and filed with the Clerk of the Court within fourteen (14) days after service of the report. All objections and responses to objections are governed by W.D. Mich. LCivR 72.3(b). Failure to serve and file written objections within the specified time waives the right to appeal the District Court's order. *Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).